IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN MCKENDREE<br><br>    Plaintiff,<br><br>v.<br><br>ILLINOIS CENTRAL RAILROAD<br>COMPANY, a corporation<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Cause No.:_____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff, John McKendree ("McKendree"), by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for his above-referenced Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY ("IC"), states as follows:

### Count I - - - Cumulative Trauma/Repetitive Trauma

1.   That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act ("FELA"), 45 U.S.C.A., Sections 51-60, as hereinafter more fully shown.

2.   That at all times relevant to this lawsuit, Plaintiff was a veteran engineer for IC.

3.   That at all times relevant to this lawsuit, IC was a corporation organized and existing under the laws of the State of Illinois, with its principal office for the transaction of its business located in Homewood, Illinois.

4.   That at all times relevant to this lawsuit, IC was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in, among other states, the State of Illinois and other states of the United States.

5. That at all times relevant to this lawsuit, the acts of omission and commission causing injuries to the Plaintiff were done by IC, its agents, servants, workmen, and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of IC.

6. That at all times relevant to this lawsuit, that Plaintiff was an engineer employee of IC, and was acting at all times in the course and scope of his employment with IC and was engaged in the furtherance of interstate commerce within the meaning of FELA.

7. That all of the property, equipment and operations involved in and referenced in this lawsuit referenced in this lawsuit hereinafter were owned and/or under the direct and exclusive control of IC, its agents, servants, workmen, and/or employees.

8. That the Plaintiff has been employed by IC and/or its predecessor companies since October 1970, and while working within the scope of his employment at various locations, including a substantial percentage of his working career working in the territorial region of this Court, was exposed to excessive and harmful cumulative trauma and repetitive trauma to his cervical and lower lumbar areas of his person while he performed his work activities and services for IC and its predecessors.

9. That less than three (3) years before this lawsuit was filed, Plaintiff learned from his healthcare providers that he suffered from occupational back injuries as a result of repetitive and cumulative occupational trauma to his back, which will almost certainly require surgery, and until such time, Plaintiff was reasonably ignorant as to his condition, diagnosis, and the causes of same.

10. That the injuries and disabilities of the Plaintiff were caused in part by exposure to excessive, repetitive and cumulative trauma to his cervical and lower lumbar areas while working as an engineer for IC.

11. That the aforementioned injuries were caused in whole or in part by the negligence, carelessness and recklessness of IC, its agents, servants, workmen, and/or employees acting within the scope of their employment, which negligence consisted of the following:

(a) In failing to provide the Plaintiff with a safe place to work as required by FELA, 45 U.S.C. § 51-60;

(b) In failing to provide Plaintiff with a timely and adequate ergonomics program in order to prevent repetitive and cumulative trauma to his cervical and lower lumbar areas;

(c) In failing to periodically test employees such as the Plaintiff for physical effects of repetitive and cumulative trauma to his cervical and lower lumbar areas and failing to take appropriate action, including advising Plaintiff as to the test results;

(d) In failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which he and others similarly situated were exposed in working on jobs which involved repetitive and cumulative trauma to his cervical and lower lumbar areas;

(e) In negligently requiring and/or allowing the Plaintiff to be exposed to unsafe levels of repetitive and cumulative trauma to his cervical and lower lumbar areas when it knew of the risks and potential hazards thereof;

(f) In negligently failing to inspect and/or monitor the occupational repetitive and/or cumulative trauma in the job duties where the Plaintiff was required to work;

(g) In negligently failing to warn Plaintiff of the risk of repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the cervical and lower lumbar areas;

(h) In negligently failing to provide the Plaintiff with protective equipment designed to protect him from repetitive and/or cumulative trauma injuries as a result of exposure to repetitive and/or cumulative occupational trauma to his cervical and lower lumbar areas;

(i) In negligently failing to employ safe work practices;

(j) In negligently failing to promulgate, issue, circulate and/or enforce adequate safety rules regarding avoiding repetitive trauma injuries, especially those to the cervical and lower lumbar areas;

(k) In negligently failing to modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the repetitive and/or cumulative traumas to which the Plaintiff would be exposed, especially to his cervical and lower lumbar areas;

(l) In negligently failing to make reasonable efforts to ascertain the risks and hazards of repetitive trauma and repetitive trauma disorders;

(m) In negligently failing to monitor the Plaintiff's work habits to determine if his work activities placed him at risk of suffering a repetitive and/or cumulative trauma injury;

(n) In requiring its locomotive engineers, both in the various yards in which Plaintiff worked and along the main line of IC and its predecessors, to walk on and along uneven surfaces, including uneven ballast, pieces of railroad tie, pieces of debris, and the like;

(o) In negligently allowing its engineers, including the Plaintiff, to work on substandard locomotive seats which were not properly designed, constructed, installed, maintained, or the like, and which were inadequately padded and either had no suspension system or an inadequate suspension system on them;

(p) Allowed excessive "slack action" to exist in its trains and failed to take adequate measures with regard to known excessive "slack action," such that such "slack action" caused excessive wear and tear on Plaintiff's cervical and lower lumbar areas;

(q) Negligently allowed its tracks to fall into such an utter state of disrepair that engineers, such as Plaintiff, were forced to ride over such rough and uneven tracks and therefore be exposed to excessive bumpiness in the rides on the locomotive engines, thus adding to the wear and tear on the Plaintiff's cervical and lower lumbar areas; and

12. As a direct and proximate result of IC's negligence, by and through its agents, servants, workmen, and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which has caused substantial financial loss, wage loss, loss of future earning capacity, all of which likely will continue into the future.

13. As a direct and proximate result of IC's negligence by and, through its agents, servants, workmen and/or employees, the Plaintiff has been and will continue into the future to be required to receive and undergo medical treatment, medical care, including likely surgical care, has and will likely incur future necessary medical expenses.

14. As a direct and proximate result of IC's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, and a loss of enjoyment of life, and may continue to suffer these damages for an indefinite period of time into the future.

15. As a direct and proximate result of the IC'S negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained permanent injuries to his cervical and lower lumbar areas.

WHEREFORE, the Plaintiff, John McKendree, prays judgment against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, for his taxable Court costs, and for such additional relief as this Court deems equitable and just.

### PLAINTIFF DEMANDS A JURY OF SIX ON ALL ISSUES

### Count II - - - Traumatic Incident of January 23, 2007

16. Plaintiff realleges and incorporates herein by reference Paragraphs 1. – 15. of Count I of his Complaint as and for Paragraphs 1. – 15. of Count II of his Complaint.

17. On or about January 23, 2007, Plaintiff was injured in his cervical neck area when he attempted to adjust a seat of a locomotive in which he was working.

18. The aforementioned injuries were caused in whole or in part by the negligence, carelessness, and recklessness of IC, its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

(a) In failing to provide the Plaintiff with a safe place to work as required by FELA, 45 U.S.C. § 51-60;

(b) It provided Plaintiff with a defective locomotive seat with and on which to work in that it could not easily and readily be adjusted;

(c) It failed to warn Plaintiff of the inherent and latent defects within the locomotive seat; and

(d)  In failing to properly inspect, repair, and maintain its locomotive seats so as to discover defects in said seats so as to prevent usage by IC employees, including Plaintiff.

18. As a direct and proximate result of IC's negligence, by and through its agents, servants, workmen, and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which has caused substantial financial loss, wage loss, loss of future earning capacity, all of which likely will continue into the future.

19. As a direct and proximate result of IC's negligence by and, through its agents, servants, workmen and/or employees, the Plaintiff has been and will continue into the future to be required to receive and undergo medical treatment, medical care, including likely surgical care, has and will likely incur future necessary medical expenses.

20. As a direct and proximate result of IC's negligence by and, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, and a loss of enjoyment of life, and may continue to suffer these damages for an indefinite period of time into the future.

21. As a direct and proximate result of the IC's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained permanent injury to his cervical and lumbar areas.

WHEREFORE, the Plaintiff, John McKendree, prays judgment against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, for his taxable Court costs, and for such additional relief as this Court deems equitable and just.

### PLAINTIFF DEMANDS A JURY OF SIX ON ALL ISSUES

### Count III - - - Traumatic Incident of October 30, 2008

22. Plaintiff realleges and incorporates herein by reference Paragraphs 16. – 21. of Count II of his Complaint as and for Paragraphs 16. – 20. of Count III of his Complaint.

23. On or about October 30, 2008, and while working on IC Locomotive Engine 6054, Plaintiff injured the cervical and lower lumbar regions of his person when he was attempting to turn a defective and unreasonably dangerous hand brake while in the course and scope of his duties as an engineer for the IC.

24. The aforementioned injuries were caused in whole or in part by the negligence, carelessness, and recklessness of IC, its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

   (a) In failing to provide the Plaintiff with a safe place to work as required by FELA, 45 U.S.C. § 51-60;

   (b) In failing to properly maintain, repair, and upkeep its hand brakes on Engine No. 6054; and

   (c) In failing to warn Plaintiff that the handbrake on Engine No. 6054 would not manually crank properly.

25. As a direct and proximate result of IC's negligence, by and through its agents, servants, workmen, and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which has caused substantial financial loss, wage loss, loss of future earning capacity, all of which likely will continue into the future; and has incurred, and will continue to incur into the future medical expenses for medical treatment related to the injuries described herein.

26. As a direct and proximate result of IC's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, and a loss of enjoyment of life, and may continue to suffer the same damages for an indefinite period of time into the future.

27. As a direct and proximate result of the IC's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained permanent injury to his cervical and lower lumbar regions.

WHEREFORE, the Plaintiff, John McKendree, prays judgment against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, in an amount in excess of SEVENTY-FIVE THOUSAND

DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, for his taxable Court costs, and for such additional relief as this Court deems equitable and just.

Respectfully submitted by,

KUJAWSKI & ASSOCIATES, P.C.

BY: _____
PAUL W. JOHNSON (IL #6193774)
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
Telephone: (618) 622-3600
Facsimile: (618) 622-3700
Electrionic Mail: pjohnson@kujawskiassociates.com
**Attorneys for the Plaintiff**